```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

SOUTH FLORIDA EAR, NOSE AND THROAT,
PLLC,

                Plaintiff,

vs.                              Case No.  2:13-cv-178-FtM-29UAM

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC.,

                Defendant.
_____

**OPINION AND ORDER**

South Florida Ear, Nose and Throat, PLLC (South Florida ENT) sued Blue Cross and Blue Shield of Florida, Inc. (Blue Cross) in a Florida small claims court for just over $1,000 on a breach of contract claim. Believing this should be made into a federal case, Blue Cross removed the action to federal district court, asserting federal question jurisdiction because the claim was completely preempted by the Employee Retirement Income Security Act (ERISA). Plaintiff now seeks a remand to state court to proceed on its breach of contract claim. Agreeing with plaintiff, the Court remands the case to state court.

**I.**

This matter comes before the Court on Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Remand to Small Claims Court (Doc. #7) filed on March 21, 2013. Defendant filed Defendant's Memorandum of Law in Opposition to Plaintiff's Motion

to Remand and Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #12) and Defendant's Motion to Dismiss (Doc. #11) on April 11, 2013. Plaintiff filed an Answer to Defendant's Motion to Dismiss for Failure to State a Claim (Doc. #14) and a Memorandum of Law (Doc. #15) on April 26, 2013.

On June 13, 2013, plaintiff was granted leave to proceed without counsel until the pending motions were resolved (Doc. #17), but after reviewing the issues raised in the motions, the Court vacated the prior Order (Doc. #18). Plaintiff retained counsel and a Supplement Motion for Remand and Attorneys' Fees (Doc. #20) was filed on November 13, 2013. On November 22, 2013, defendant filed a Response to Plaintiff's Supplemental Motion for Remand and Attorneys' Fees (Doc. #22).

**II.**

In 2011, defendant Blue Cross and plaintiff South Florida ENT entered into a Physician Medical Services Agreement. (Doc. #12, Exh. #1.) Section 2.8(f) of the agreement provides that:

> [Defendant] is entitled to treat individuals covered through other entities as Insureds under this Agreement if such entities are then operating as brand licensees entitled to utilize the Blue Cross and/or Blue Shield Brands . . . [i]t is acknowledged and agreed that, while such Insureds will be accessing services through this Agreement, the determination as to coverage shall be made by the applicable entity operating under a license or sub-license with the Blue Cross and Blue Shield Association.

(Id. at p. 13.)

In 2012, plaintiff performed sinus surgery and two follow-up procedures on a patient covered by an insurance policy administered by Empire Blue Cross and Blue Shield (Empire Blue Cross). (Doc. #7, p. 1.) The patient was treated as an insured under the Physician Medical Services Agreement, and defendant paid plaintiff for the initial procedure but not for the two follow-up procedures. (Doc. #2, p. 1.) Plaintiff attempted to collect for the follow-up procedures through the administrative procedures provided in the agreement, but to no avail. (Id.)

On February 5, 2013, plaintiff filed a civil suit for breach of contract in the Small Claims Division for the Twentieth Judicial Circuit in and for Lee County, Florida, in order to recover the $1,045.56 owed by defendant for the follow-up procedures. (Id.) Defendant removed the case to federal district court on March 7, 2013. (Doc. #1.) In its notice of removal, defendant stated that the patient's insurance plan administered by Empire Blue Cross is a self-funded healthcare benefit plan provided by the Pall Corporation and is governed by ERISA, 29 U.S.C. § 1001, *et seq.* (Id. at pp. 2-3.) Because the patient's plan is regulated by ERISA, defendant asserted that plaintiff's state law claim is completely preempted by ERISA, thus creating federal question jurisdiction. (Id. at p. 2.)

Plaintiff challenges the removal to federal court, asserting that its state law claim is not completely preempted by ERISA, and

seeks to remand the case to state court. (Doc. #7.) Defendant responds that removal was proper because plaintiff's claim could (and should) be recast as an ERISA claim. Nonetheless, defendant simultaneously asserts that plaintiff's claim, when deemed an ERISA claim, should be dismissed because defendant "is not the ERISA plan sponsor, the ERISA plan administrator, or even a third party claims administrator. As such, it is not a proper party defendant in this action." (Doc. #11, p. 3.)

### III.

Any civil action filed in state court may be removed by the defendant to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction for purposes of removal is on the defendant. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001)). Removal jurisdiction is construed narrowly and "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

Pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists when a plaintiff's cause of action "arises under" federal law. Thus, a case filed in state court which arises under federal law may be removed to federal court. 28 U.S.C. § 1441(a). Generally, a case can arise under federal law under § 1331 in two

ways: First, a case arises under federal law when federal law creates the cause of action asserted. Second, a case arises under federal law if there is a state law claim in which a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013) (summarizing the holding in Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677 (2006)). Whether a federal question appears must ordinarily be determined on the face of the plaintiff's well-pleaded complaint. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009) (citing Louisville & N. R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

While the Supreme Court has shown an unfailing commitment to the well-pleaded complaint rule, it has recognized an exception if a cause of action is completely preempted by federal law.

> A complaint purporting to rest on state law . . . can be recharacterized as one "arising under" federal law if the law governing the complaint is exclusively federal. See Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). Under this so-called "complete preemption doctrine," a plaintiff's "state cause of action [may be recast] as a federal claim for relief, making [its] removal [by the defendant] proper on the basis of federal question jurisdiction." 14B Wright & Miller § 3722.1, p. 511.

Vanden v. Discover Bank, 556 U.S. 49, 61 (2009) (alterations in original). "Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a

-5-

federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." Conn. State Dental Ass'n, 591 F.3d at 1343 (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)). While a federal question does not appear on the face of South Florida ENT's complaint, Blue Cross asserts that the claim falls within the complete preemption exception to the well-pleaded complaint rule.

ERISA is a statute which can indeed completely preempt a state law claim. Complete preemption applies where a plaintiff asserts a state law claim that seeks relief available under ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). Conn. State Dental Ass'n, 591 F.3d at 1344. (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987)). The civil enforcement provision "has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Taylor, 481 U.S. at 65-66).[1]

---

[1] This is not to be confused with the form of ERISA preemption known as defensive preemption. Jones v. LMR Int'l, Inc., 457 F.3d 1174, 1179 (11th Cir. 2006). Defensive preemption is derived from ERISA's explicit preemption provision contained in 29 U.S.C. § 1144(a). Section 1144(a) states that ERISA provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] plan." The issue of defensive preemption is substantive and can be raised as an affirmative in both federal and state court. Ervast v. Flexible Products Co., 346 F.3d 1007, 1014 (11th Cir. 2003). Defensive preemption, however, cannot serve as a basis for removal. Id.

Whether complete preemption exists under ERISA is governed by Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004). Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011). "The Davila test asks (1) whether the plaintiff[] could have ever brought [its] claim under ERISA § 502(a) and (2) whether no other legal duty supports the plaintiff['s] claim." Id. at 1287. "Step one of Davila entails two inquiries: first, whether the plaintiff['s] claims fall within the scope of ERISA § 502(a), and second, whether ERISA grants the plaintiff[] standing to bring suit." Id. (citing Conn. State Dental Ass'n, 591 F.3d at 1350).

South Florida ENT's claim does not fall within the scope of ERISA § 502(a). ERISA § 502(a)(2) allows a civil action to be brought by "a participant, beneficiary[,] or fiduciary for appropriate relief under [29 U.S.C. § 1109]." 29 U.S.C. § 1132(a)(2). Section 1109 allows recovery against, "'[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter.' 29 U.S.C. § 1109(a)." Ehlen Floor Covering, Inc., 660 F.3d at 1287. Plaintiff is not a participant, beneficiary or fiduciary of its patient's ERISA plan, and defendant is not an ERISA entity or fiduciary under the patient's ERISA plan, as defendant itself asserts. As both parties indicate, defendant does not manage, administer, or serve as financial administrator to the ERISA plan. Because defendant is not an ERISA entity, the

first prong of the Davila test is not satisfied.  See Cotton, 402 F.3d at 1289; Gowen v. Assurity Life Ins. Co., No. CV 512-034, 2013 WL 1192580, at *7 (S.D. Ga. Mar. 22, 2013); Evans v. Infirmary Health Servs, Inc., 634 F. Supp. 2d 1276, 1288-89 (S.D. Ala. 2009). Additionally, nothing in ERISA would grant plaintiff standing to bring suit.

The second step of the Davila test requires the court to determine whether plaintiff's claim implicates a duty independent of ERISA.  Here, plaintiff contends that defendant promised to pay for medical services pursuant to the Physician Medical Services Agreement, but failed to do so.  The Court finds that plaintiff's claim does not involve a right to payment under the patient's ERISA plan.  It is the terms of and compliance with the Physician Medical Services Agreement which are in dispute, not the patient's ERISA plan.  Plaintiff's claim rests on the duties set forth in the agreement, not the ERISA plan.  Because plaintiff's claim is supported by an independent legal duty, the second prong of the Davila test is not satisfied.

Therefore, this Court lacks subject matter jurisdiction over plaintiff's breach of contract claim, and plaintiff's motion to remand to small claims court is granted.

**V.**

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, a court may only award attorney's fees under § 1447(c) if "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The objectively reasonable standard does not require a showing that the defendant's position was "frivolous, unreasonable, or without foundation." Id. at 138-39. "The reasonableness standard was ultimately the result of balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting Martin, 546 U.S. at 140).

Here, defendant attempted to transform a simple breach of contract claim valued at $1,045.56 into a complex ERISA case without an objectively reasonable basis. As a result of the removal, numerous motions and responses have been filed and plaintiff was required to obtain an attorney. Under these

-9-

circumstances, the Court will award plaintiff a reasonable amount of attorney's fees and costs.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Remand to Small Claims Court (Doc. #7) is **GRANTED**. The Clerk is **directed** to remand the case to the Small Claims Division of the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

2. Within **FOURTEEN (14) DAYS** of this Opinion and Order, Plaintiff shall file an affidavit and supporting invoices detailing the attorney's fees and costs incurred in responding to the Notice of Removal. Defendant may file a response within **FOURTEEN (14) DAYS** thereafter.

3. Defendant's Motion to Dismiss (Doc. #11) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of December, 2013.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record